UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH MONROE HUTCHINSON, | No. C 12-1655 YGR (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| RANDY GROUNDS, Warden, | |
| Respondent. | |

## INTRODUCTION

Petitioner seeks federal habeas relief from his state convictions. For the reasons discussed herein, respondent's motion to dismiss the petition as untimely (Docket No. 3) is GRANTED. The petition is DISMISSED.

## DISCUSSION

**A.   Standard of Review**

Federal habeas petitions must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4)

the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

**B.     Timeliness of the Petition Without Tolling**

On November 19, 2009, the Board of Parole hearings found petitioner unsuitable for parole. This decision became final 120 days later, on March 19, 2010. *See* Cal. Pen. Code § 3041(b). Petitioner, then, had until March 20, 2011, one year from when the Board's decision became final,[1] to file a timely federal habeas petition. The instant federal petition was not filed until March 14, 2012, well after the March 20, 2011 deadline.[2] On this record, absent statutory or equitable tolling, the petition is barred by AEDPA's statute of limitations.

**C.     Statutory Tolling**

A federal habeas petitioner is entitled to statutory tolling of AEDPA's limitations period for the time during which a properly filed application for state post-conviction or other collateral review was pending. *See* 28 U.S.C. § 2244(d)(2).

Petitioner filed his first state habeas petition on March 18, 2011, two days before the March 20, 2011 federal filing deadline. Thus, as of that day, Petitioner had used 363 days of the one-year limitations period. The state superior court denied the petition on May 23, 2011. Thirty days later, on June 22, 2011, petitioner filed his next habeas petition, this one in the state appellate court, which denied the petition on July 26, 2011. Sixty-six days later, on September 30, 2011, petitioner filed a petition in the state supreme court, which denied the

---

[1] Because this was a habeas petition and not a direct appeal, petitioner was not entitled to the additional 90 days accorded to appellants who seek review in the United States Supreme Court from a direct review decision by the state's highest court.

[2] Petitioner is entitled to this filing date, rather than the April 3, 2012 date listed in the docket. The Court assumes that he put the petition in the prison mail the day he signed it (March 14, 2012) and will use that as the filing date under the prisoner mailbox rule. *See* generally *Houston v. Lack*, 487 U.S. 266, 276 (1988).

petition on February 15, 2012. Twenty-eight days later, he filed the instant federal petition on March 14, 2012.

On this record, the federal petition is untimely, even if one applies statutory tolling. More specifically, there was a delay of 487 days (363 + 30 + 66 + 28) before petitioner filed the instant action. This is well in excess of the one-year limitations period. On such a record, absent equitable tolling, the petition is barred by AEDPA's statute of limitations.

**D.     Equitable Tolling**

A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.")

Petitioner has not shown that he is entitled to the extraordinary relief of equitable tolling. He makes highly conclusory and undetailed assertions regarding lack of library access, reliance on the abilities of another inmate, and lack of legal knowledge. He has not shown how in specific instances these alleged difficulties prevented him from timely filing any of his petitions. Furthermore, a lack of library access is not an extraordinary circumstance, and petitioner has made no specific assertions about how much time he was allowed or deprived of. Additionally, his lack of legal sophistication is also not itself an extraordinary circumstance warranting equitable tolling, *see Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *see also Majoy v. Roe,* 296 F.3d 770, 776 n.3 (9th Cir. 2002), nor is his reliance on another inmate.

# CONCLUSION

For the reasons stated above, respondent's motion to dismiss the petition as untimely (Docket No. 3) is GRANTED. Accordingly, the action is DISMISSED. Petitioner's motion for an extension of time to file an opposition (Docket No. 9) is DENIED as moot, as he has filed an opposition, which the Court has considered and is deemed timely filed.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of respondent, terminate Docket Nos. 3 and 9, and close the file.

**IT IS SO ORDERED**.

DATED:  January 10, 2013

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE